<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4709**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

IBRAHIMA SARR,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, District Judge.  (2:06-cr-00056-RBS-FBS-1)

Submitted:  March 31, 2011         Decided:  July 28, 2011

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cullen Dennis Seltzer, SELTZER GREENE, PLC, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Stephen W. Haynie, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Ibrahima Sarr was convicted of one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1344 (2006), one count of conspiracy to commit fraud by the unauthorized production or use of counterfeit access devices or possession of fifteen or more counterfeit access devices or solicitation of a person for the purpose of selling information regarding access devices, in violation of 18 U.S.C. § 1029(a)(6)(B) (2006), three counts of using and/or producing counterfeit credit cards and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 1029(a)(1), 2 (2006), five counts of identity theft and using stolen identities to produce counterfeit credit cards and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 1028A(a)(1), 2 (2006), one count of soliciting another to sell credit card information and aiding and abetting such conduct, in violation of 18 U.S.C. § 1029(a)(6)(B), 2 (2006), and one count of possessing fifteen or more stolen credit card account numbers, and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 1029(a)(3), 2. On appeal, Sarr claims the district court abused its discretion permitting the Government to introduce evidence under Fed. R. Evid. 404(b), showing that subsequent to the conduct charged in the indictment, Sarr was arrested and found in possession of a counterfeit debit card, that the debit card had

2

a history of possible fraudulent use and that the debit card was used within days of Sarr's arrest.  We affirm.

Under Fed. R. Evid. 404(b), evidence of a defendant's bad acts, though inadmissible to prove a defendant's character and "action in conformity therewith," may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Therefore, such evidence is admissible "if the evidence is (1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable."  United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004).  This court reviews the admission of evidence under Rule 404(b) for abuse of discretion.  Id.

"Rule 404(b) is . . . an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition."  United States v. Young, 248 F.3d 260, 271-72 (4th Cir. 2001) (internal quotation marks and citation omitted).  "As a rule of inclusion, the rule's list is not exhausting."  United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997).  It is of no moment that the bad acts sought to be admitted occurred subsequent to the conduct charged in the indictment.  United States v. Mohr, 318 F.3d 613, 617 (4th Cir. 2003).  "[S]ubsequent conduct may be highly probative of prior

3

intent." United States v. Hadaway, 681 F.2d 214, 217 (4th Cir. 1982).

"Evidence sought to be admitted under Rule 404(b) must also satisfy [Fed. R. Evid.] 403 . . . ," United States v. Siegel, 536 F.3d 306, 319 (4th Cir. 2008), such that its probative value is not substantially outweighed by the danger of unfair prejudice. Queen, 132 F.3d at 995. Under Rule 403, "damage to a defendant's case is not a basis for excluding probative evidence" because "[e]vidence that is highly probative invariably will be prejudicial to the defense." United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998). "Rule 403 requires exclusion of evidence only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." Mohr, 318 F.3d at 618 (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion admitting the Rule 404(b) evidence. The evidence was relevant, necessary and reliable and the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Accordingly, we affirm the district court's judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED